IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| April Hampton, <br><br> Petitioner, <br><br> v. <br><br> Warden of Leath Correctional Institution, <br><br> Respondent. | C/A No. 9:22-cv-00967-JFA-MHC <br><br><br> **ORDER** |

Petitioner April Hampton, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On March 1, 2022, Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No. 1). On November 16, 2022, Respondent Warden of Leath Correctional Institution ("Respondent") filed a Motion for Summary Judgment. (ECF No. 16). On November 23, 2022, Petitioner requested an extension of time which the Magistrate Judge granted providing Petitioner with an additional fifteen (15) days to respond to the Motion. (ECF No. 18). On December 15, 2022, Petitioner filed her Response in Opposition. (ECF No. 19). Thereafter, on December 20, 2022, Respondent filed its Reply. (ECF No. 20).

Thereafter, the Magistrate Judge assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 21). Within the Report, the Magistrate Judge

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this

1

recommends this action be dismissed because the petition is untimely according to 28 U.S.C. § 2244(d). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on March 7, 2023 . *Id.* The Magistrate Judge required Petitioner to file objections by March 21, 2023. Petitioner failed to file objections or otherwise address Respondent's motion for summary judgment. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge correctly concluded that this action should be dismissed with prejudice due to Petitioner's failure to file this action within the time provided by § 2244(d)(1) ("[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." As set out in the Report, Petitioner pled guilty and was sentenced on March 21, 2007. Because she did not file a direct appeal or a PCR action, her conviction and sentence because final

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

ten days after her guilty plea and sentencing on March 31, 2007. As a result, the applicable one-year statute of limitations began to run on April 1, 2007, and expired one year later on April 1, 2008. Now, Petitioner attempts to bring the instant action fourteen years later on March 21, 2022. (ECF No. 1).

In her Response, Petitioner recognizes the untimeliness of her Petition and argues she should be heard "under the basis of Fair Play and Substantial Justice" ". (ECF No. 19 at 2) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)). Although the Magistrate Judge addressed the concept of equitable tolling in the Report, Petitioner did not object to the report to argue that she should be entitled to such benefit. Therefore, this Court finds as the Report did that Petitioner is not entitled to equitable tolling or any other exception to the statute of limitations.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation (ECF No. 21), and Respondent's Motion for Summary Judgment is granted (ECF No. 16). Therefore, this action is dismissed with prejudice. (ECF No. 1).  It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

April 24, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4